**Jasun Enrique OLIVEROS–ORTIZ, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General,\* Respondent.**

**No. 04–6623–ag.**

United States Court of Appeals, Second Circuit.

May 10, 2006.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Glenn T. Terk, Wethersfield, Connecticut, for Petitioner.

Lawrence J. Laurenzi, Acting United States Attorney for the Western District of Tennessee, Christopher E. Cotten, Assistant United States Attorney, Memphis, Tennessee, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 10th day of May, Two thousand and six.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, and DECREED that the petition for review is hereby DENIED.

Jasun Enrique Oliveros–Ortiz, through counsel, petitions for review of the BIA order affirming the immigration judge's ("IJ") decision denying his application for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA has summarily adopted or affirmed the IJ's decision without opinion, we review the IJ's decision as the final agency determination. *See Dong v. Ashcroft,* 406 F.3d 110, 111 (2d Cir. 2005); *Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the IJ's findings of fact, including adverse credibility findings, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 156–58 (2d Cir.2006); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–74 (2d Cir.2004).

In this case, the IJ's adverse credibility finding was substantially supported by the record. In determining that Oliveros–Ortiz was not credible, the IJ pointed to specific inconsistencies between his I–589 statement and his testimony regarding the April 2002 encounter with FARC members, to inconsistencies between Oliveros–Ortiz's testimony and his mother's testimony regarding the threatening letters sent by FARC, to the implausibility of Oliveros–Ortiz's claim that, despite his father's past encounters with FARC, his father did not employ bodyguards to protect himself, and the likelihood that Oliveros–Ortiz's true motive in seeking asylum was to remain with his family in the United States. The record also substantially supports the IJ's conclusion that the testimony of Oliveros–Ortiz's mother was not credible, as the IJ relied on specific examples of her inability to provide consistent,

direct answers regarding pertinent dates, and on the IJ's observation of her demeanor during her testimony. *See Majidi v. Gonzales,* 430 F.3d 77, 81, n. 1 (2d Cir. 2005) (noting that particular deference is given to the trier of fact's assessment of demeanor). Because these inconsistencies were related to the heart of Oliveros–Ortiz's claim—that he fled Colombia to avoid FARC—they bore a legitimate nexus to the adverse credibility finding. *See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). Further, because Oliveros–Ortiz's claim for withholding of removal relied on the same factual predicate as his asylum claim, the adverse credibility in this case necessarily precluded success on the claim for withholding of removal.[1] *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003).

■ Pursuant to 8 C.F.R. § 1003.1(e), a single member of the BIA may affirm an IJ's decision without opinion, or streamline the case, when the Board member determines that: (1) the result reached in the decision was correct or that any errors in the decision were immaterial and harmless; and (2) either (a) the issues on appeal are "squarely controlled" by existing precedent or do not involve the application of precedent to a novel set of facts; or (b) the issues raised on appeal "are not so substantial that the case warrants the issue of a written opinion." *See* 8 C.F.R. § 1003.1(e)(4)(i)(A)-(B).

Although this Court has determined that the BIA's streamlining procedure does not, on its face, violate due process, *see Yu Sheng Zhang v. United States Dep't of Justice,* 362 F.3d 155, 156–57 (2d Cir.2004),

this Court has not determined whether it has jurisdiction to review the BIA's decision to streamline a particular case, because the case does not fit within the relevant regulatory standards. However, we need not decide here whether we have jurisdiction to review Oliveros–Ortiz's challenge to the BIA's decision to streamline review of his petition because, even assuming we have jurisdiction, the BIA did not violate its regulations in this case. The IJ's decision did not contain any material errors and the issues on appeal to the BIA were squarely controlled by existing precedent and did not involve a novel set of facts.

We have considered all of petitioner's claims and find them to be without merit. The petition for review is therefore DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).

---

1. Because the IJ properly determined that Oliveros–Ortiz did not testify credibly regarding his encounter with FARC, and based his denial of the application on that adverse credibility finding, we need not determine whether Oliveros–Ortiz presented sufficient evidence to establish an asylum claim based on forced recruitment.